**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Corporate Capital Limited,<br><br>Plaintiff,<br><br>v.<br><br>Jill Marie Steigleman,<br><br>Defendant. | No. CV-19-05698-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Jill Steigleman ("Steigleman")'s 12(b)(7) Motion to Dismiss for Failure to Join a Party Under Rule 19 (Doc. 15) and Plaintiff Liberty Corporate Capital Limited ("Liberty")'s Motion for Leave to File Sur-Reply (Doc. 18). Steigleman's motion is denied[1] and Liberty's Motion is granted.[2]

## BACKGROUND

Steigleman purchased an individual disability insurance policy (the "Policy") through Lloyd's of London ("Lloyd's"). In May 2018, Steigleman claimed permanent total

---

[1] The Court held a telephonic oral argument on this matter on May 1, 2020.

[2] Because Steigleman raises new arguments and relies on substantially new authority in her Reply, the Court finds Liberty's proposed sur-reply would be helpful to the resolution of the pending motion. Moreover, the Court does not find that permitting the sur-reply would be unduly prejudicial to Steigleman. Therefore, Liberty's Motion for Leave to File Sur-Reply is granted. *See Sebert v. Arizona Dep't of Corr.,* No. CV-16-00354-PHX-ROS-ESW, 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016) ("The Court has discretion to permit the filing of a sur-reply. In determining whether to allow a sur-reply, a district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.") (internal quotations omitted)

disability and sought disability insurance benefits under the Policy. Steigleman's claim was denied. Liberty is one of many underwriters for the Policy. Liberty brought this declaratory judgment action against Steigleman seeking declarations "as to its duties, rights and obligations" under the Policy. (Doc. 1 at 2.)

Lloyd's provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's—Lloyd's is not itself an insurance company. The Fifth Circuit explained the unique Lloyd's model as follows:

> The members or investors who collectively make up Lloyd's are called 'Names' and they are the individuals and corporations who finance the insurance market and ultimately insure risks. Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment. Lloyd's requires Names to pay a membership fee, keep certain deposits at Lloyd's, and possess a certain degree of financial wealth. Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.
>
> Most Names or investors do not actively participate in the insurance market on a day to day basis. Rather, the business of insuring risk at Lloyd's is carried on by groups of Names called 'Syndicates.' In order to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a "Syndicate" which will in turn subscribe to policies on behalf of all Names in the Syndicate. A typical Lloyd's policy has multiple Syndicates which collectively are responsible for 100 percent of the coverage provided by a policy. The Syndicates themselves have been said to have no independent legal identity. Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy.

*Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858–59 (5th Cir. 2003) (internal quotations omitted).

In the instant case, there are eight Syndicates that subscribe to the Policy. Liberty is the sole Name in Syndicate No. 4472 and insures 28.5 percent of the risk. The remaining seven Syndicates, composed of an undisclosed number of Names ("Other Names"), share the remaining 71.5 percent. Nevertheless, Steigleman, or any policyholder of a policy such as this, need not bring a claim against all the Names to obtain coverage under the provision. That is because the Policy's Service of Suit provision provides that "in any suit instituted against any [Name] upon this contract, [Names] will abide by the final decision of such

Court." (Doc. 1-1 at 7.) Of course, in this case, Steigleman is not bringing suit. The suit is brought by one of the Names—Liberty—against Steigleman. There is no provision in the policy that states that all Names will be bound by the result when one or more Names sues the policyholder. Steigleman thus asserts that, because Liberty seeks to declare the policy void, the Other Names are necessary and indispensable parties under Rule 19. She further asserts that adding the Other Names is not feasible because it would destroy diversity—the basis for this Court's jurisdiction. Thus, Steigleman moves to dismiss this action pursuant to Federal Rule of Civil Procedure12(b)(7).

**DISCUSSION**

**I.    Legal Standard**

Rule 12(b)(7) permits dismissal of an action for failure to join a party deemed necessary and indispensable under Rule 19. Nevertheless, Steigleman does not identify any absent party that needs to be named to this suit pursuant to the Rule. Nor does it appear that she can do so.

Rule 19 demands a practical three-step inquiry. *E.E.O.C. v. Peabody W. Coal Co.,* 610 F.3d 1070, 1078 (9th Cir. 2010). First, the court must determine whether an absent party should be joined as a necessary party under Rule 19(a). *Id.* Second, the court must determine whether it is feasible to order the absent party to be joined. *Id.* Finally, if joinder is not feasible for practical or jurisdictional reasons, the court must determine whether in "equity and good conscience" the action should proceed among the existing parties or be dismissed because the absent parties are indispensable. *Id.* The movant bears the burden of proving that dismissal is appropriate. *Piper v. Gooding & Co. Inc.*, No. CV-18-00244-PHX-DLR, 2018 WL 924947, at *5 (D. Ariz. Feb. 15, 2018) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

**II.   Necessary Party**

Rule 19(a) identifies persons who must be joined as a party to the suit if those persons are subject to judicial process and their joinder does not deprive the Court of subject matter jurisdiction. A party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Steigleman argues that the Other Names are necessary under each clause of Rule 19(a). The practicalities of this case, however, lead to a contrary result.

Steigleman offers no satisfactory explanation as to why the Court cannot afford complete relief as between Liberty and Steigleman. Clause (a)(1)(A) is concerned with "joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete *relief to the parties before the court*." Fed. R. Civ. P. 19(a) advisory committee's note (emphasis added). A court cannot accord complete relief among existing parties when an absent party has an enforceable interest in the subject matter of the dispute and may contradict the court's ruling if not bound by the judgment. *See Peabody W. Coal Co.,* 610 F.3d at 1081 (9th Cir. 2010) (complete relief cannot be accorded between the parties where the defendant would be required by the court's ruling to take a certain action but could also be required by the absent party to take a contrary action). Steigleman contends that "no procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Peabody W. Coal Co.,* 610 F.3d at 1082. In this case, however, each Name is severally liable for their subscribed portion of the risk. Liberty may seek an order that the Policy is void as to its liability thereunder.[3]  Liberty however does not seek, at least as the Court understands it, a declaration that the policy is void as to the liability of all Other Names. Therefore, the Other Names do not have an enforceable interest that could contradict Liberty's requested relief if granted. Moreover, Steigleman's argument, as it pertains to the Other Names who are not parties, is not relevant

---

[3] During the oral argument on this matter, Liberty's counsel confirmed that Liberty is not proceeding in this action in a representative capacity; it has no intention of representing any of the Other Names and seeks only to resolve its duties and obligations under the Policy.

to Rule 19(a)(1)(A) which concerns itself only with the parties before the Court—Liberty and Steigleman. The Other Names are not necessary under Rule 19(a)(1)(A).

It is Rule 19(a)(1)(B)(i) that requires the Court to consider whether an absent party has a claimed interest in the subject matter of the action that will be impaired if the action continues without it. Steigleman identifies no interest that the Other Names have that would be impaired if this action between Liberty and Steigleman proceeds.  If Liberty wins, under Arizona law, the Other Names will be able to assert defensive non-mutual issue preclusion to prevent Steigleman from obtaining coverage against them. *Campbell v. SZL Properties, Ltd.*, 204 Ariz. 221, 223, 62 P.3d 966, 968 (Ct. App. 2003) (explaining Arizona recognizes defensive non-mutual collateral estoppel which occurs "when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party"); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (holding that when determining what preclusive effect to give a judgment issued by a federal court sitting in diversity, the "federally prescribed rule of decision" is that the second federal court must apply the preclusion law that would be applied by state courts in the State in which the initial federal diversity court sits); *see also Howell v. Hodap*, 221 Ariz. 543, 546, 212 P.3d 881, 885 (Ct. App. 2009) (explaining that when a final judgment was issued by a federal court, federal law dictates the preclusive effect of the judgment). But even if Liberty loses, the Names will still have, as they do now, whatever rights they might choose to assert under their several obligations to Steigleman under the Policy.

Steigleman makes no viable claim that the Other Names will be bound by any judgment against Liberty if Steigleman prevails in this action. Instead, Steigleman implies that, if she prevails, she may be able to assert collateral estoppel in a separate action against a different Name to prevent the Name from relitigating issues Liberty litigated unsuccessfully in this action. Yet, this use of offensive non-mutual collateral estoppel is not permitted by Arizona law,[4] *Campbell*, 204 Ariz. at 223, 62 P.3d at 968 (explaining that

---

[4] This use of collateral estoppel also assumes that the Other Names will be found to be in privity with Liberty such that collateral estoppel may be asserted against them. *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990) (explaining that "the party against whom collateral estoppel is asserted" must have been "a party or in privity with a party to

- 5 -

Arizona does not permit offensive use of collateral estoppel which occurs "when a plaintiff seeks to prevent the defendant from relitigating an issue the defendant previously litigated unsuccessfully in an action with another party"), which is the law that will determine the preclusive effect of this action in any future litigation, *Semtek*, 531 U.S. at 508. The Rule 19 inquiry is practical and fact specific. *Piper v. Gooding & Co. Inc.,* No. CV-18-00244-PHX-DLR, 2018 WL 924947, at *5 (D. Ariz. Feb. 15, 2018). Under the facts presented here, there is not a sufficient basis to conclude the Other Names ability to protect any interest in this action will be impaired if they are not joined.

To the extent that Steigleman claims she or Liberty could be subject to inconsistent judgments if this action does not name all of the Other Names to the policy, Steigleman is able to entirely eliminate this risk without naming any additional parties to this lawsuit.[5] Steigleman need only assert a counter claim against Liberty for coverage. If she does so, due to the Service of Suit provision, all Other Names will be bound by the judgment. Whether or not such a potential counterclaim by Steigleman against Liberty is a compulsory counterclaim, no other Name, and hence no unnamed person, is a necessary and indispensable party to this suit to enable Steigleman to bind herself as well as all Other Names to the coverage determination. Thus, there is no party that is necessary and indispensable to the protection of her rights that is not already before the Court. *See Peabody W. Coal Co.*, 610 F.3d at 1081 ("There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). . . . The determination is heavily influenced by the facts and circumstances of each case."). A counterclaim for coverage merely needs to be asserted at Steigleman's option. The necessary parties are

---

the prior trial"). However, because the offensive posture of collateral estoppel will not be permitted, the Court need not reach this question.

[5] Because the Names are severally liable, Liberty is not at risk of inconsistent obligations. Steigleman suggests that Liberty could be at risk of inconsistent obligations if Liberty were to win this action, and Steigleman were to win in a separate action against a different Name, because of Liberty's contractual obligation to be bound by any judgment against any Name. This argument, which attempts to exalt form into substance, incorrectly presumes that Liberty would remain bound by the Policy's "Service of Suit" provision if this Court declares the Policy void as to Liberty in this action. The Court, therefore, is not persuaded by Steigleman's attempt to suggest Liberty is at risk of inconsistent obligations if the Other Names are not joined in this action.

already before the Court.

## CONCLUSION

Steigleman has not demonstrated that Liberty failed to join necessary parties. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jill Steigleman's 12(b)(7) Motion to Dismiss for Failure to Join a Party Under Rule 19 (Doc. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Liberty Corporate Capital Limited's Motion for Leave to File Sur-Reply (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Steigleman is directed file an answer to the Complaint on or before **May 15, 2020**.

Dated this 1st day of May, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge