**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Corporate Capital Limited,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>Jill Marie Steigleman,<br><br>    Defendant/Counterclaimant. | No. CV-19-05698-PHX-GMS<br><br>**ORDER** |

Before the Court is Jill Marie Steigleman's ("Defendant") Motion to Compel Discovery (Supplemental Brief re: Liberty's Assertions of Work Product and Attorney-Client Privilege) (Doc. 47), Defendant's Motion to Modify Case Management Order (Third Request) (Doc. 60), and Defendant's Request for Leave to Correct and Supplement the Record Relating to the Parties' Discovery Dispute Conference of 12/1/21 (Doc. 69).

## BACKGROUND

The Court assumes the parties are familiar with the facts and procedural history of this case.  On January 21, 2022, the Court held a Telephonic Pre-Motion Conference where it also ruled from the bench on several pending discovery matters.  This order memorializes the Court's rulings.

## DISCUSSION

**I.    Attorney-Client Privilege**

Under Arizona law, the attorney-client privilege shields any communication "made

to or by the lawyer for the purpose of securing or giving legal advice," that is "made in confidence" and "treated as confidential." *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642, 645 (D. Ariz. 2005); *see also* Ariz. Rev. Stat. § 12-2234. Courts in Arizona find an implied waiver of the attorney-client privilege when

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit [or raising an affirmative defense], by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

*State Farm Mut. Auto. Ins. Co. v. Lee*, 199 Ariz. 52, 56, 13 P.3d 1169, 1173 (2000) (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

In this case the claim denial letter to Defendant was written by Plaintiff's attorney, Mr. Mast. The claim denial letter was issued on Mr. Mast's law firm letterhead and asserts several legal conclusions to justify Plaintiff's decision to deny Defendant's claim. (Doc. 47-5 at 2.) Because Mr. Mast signed and sent the claim denial letter on Plaintiff's behalf, Plaintiff affirmatively put his legal advice at issue in any litigation that might have arisen out of its denial of Defendant's claim; it cannot now "shield itself from disclosure of the complete advice of counsel relevant to the handling of the claim." *State Farm*, 199 Ariz. at 61, 13 P.3d at 1178.[1] Plaintiff has waived the attorney-client privilege as to all pre-existing communications between Plaintiff and Mr. Mast pertaining to the decision to deny Defendant's claim. *Goddard v. Frito-Lay, Inc.*, 273 F.R.D. 545, 555 (D. Ariz. 2011) (holding that "[i]t is black letter law that [Plaintiff's] intentional public disclosure of its attorney's legal opinion results in waiver of the attorney-client privilege . . . 'as to all other communications on the same subject.'" (quoting *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010)).[2]

---

[1] That Mr. Mast signed and transmitted the claim denial letter makes this case distinguishable from the cases cited by Defendant. *See, e.g*, *Safety Dynamics, Inc. v. Gen. Star Indem. Co.*, No. CV-09-695-TUC-CKJ-DTF, 2013 WL 11299209, at *4 (D. Ariz. Aug. 8, 2013) (finding no implied waiver when non-attorney author of denial of coverage letter testified that he relied on advice of counsel in issuing the letter).

[2] The Court understands Plaintiff to only assert the protections of the work-product doctrine as to communications that were made after the claim denial letter was issued. (Doc. 52 at

- 2 -

## II. Motion to Modify Scheduling Order

Federal Rule of Civil Procedure 16 permits modification of the case management order "only for good cause." Fed. R. Civ. Proc. 16(b)(4). Good cause generally exists when the moving party has been diligent in litigating its case. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, Defendant seeks to modify certain discovery deadlines in anticipation of the Court's ruling on her discovery motion (Doc. 60 at 5.) Because the Court has ordered Plaintiff to produce a limited number of communications to Defendant that Defendant has not had access to before this order, and because a deposition of Mr. Mast may be necessary, the Court finds that good cause exists to modify the scheduling order on a limited basis, as set forth below.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (Supplemental Brief re: Liberty's Assertions of Work Product and Attorney-Client Privilege) (Doc. 47) is **GRANTED.** All documents relevant to the Court's order shall be produced no later than **February 11, 2022**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Modify Case Management Order (Third Request) (Doc. 60) is **GRANTED**. The July 17, 2020 Amended Case Management Order (Doc. 35), as modified by the Court's June 24, 2021 Order (Doc. 45) and July 9, 2021 Third Amended Case Management Order (Doc. 51), are further modified as follows:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Deposition of Mr. Mast | n/a | March 11, 2022 |
| Plaintiff Disclosure of Experts | September 17, 2021 | April 1, 2022 |
| Defendant Disclosure of Experts | October 22, 2021 | April 29, 2022 |
| Disclosure of Rebuttal Experts | November 19, 2021 | May 13, 2022 |

---

10–11.) Since the Court's ruling pertains to only communications made in the course of preparing the claim denial letter, it also finds the work product doctrine does not apply to these communications.

| | | |
|---|---|---|
| Expert depositions | December 17, 2021 | June 10, 2022 |
| Dispositive motions | February 18, 2022 | July 8, 2022 |

**IT IS FURTHER ORDERED** that all other deadlines and other case management procedures as identified in this Court's July 17, 2020 Amended Case Management Order (Doc. 35), as modified by the Court's June 24, 2021 Order (Doc. 45) and July 9, 2021 Third Amended Case Management Order (Doc. 51), remain in full force and effect.

**IT IS FURTHER ORDERED** that Defendant's Request for Leave to Correct and Supplement the Record Relating to the Parties' Discovery Dispute Conference of 12/1/21 (Doc. 69) is **GRANTED.**

Dated this 26th day of January, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge